## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ARISTORS LICENSING LLC,

       Plaintiff,

    v.

RAVE MOBILE SAFETY HOLDINGS, LLC

       Defendant.

C.A. No. 20-147-MN

**JURY TRIAL DEMANDED**

### RAVE MOBILE SAFETY HOLDINGS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Rave Mobile Safety Holdings, LLC ("Rave" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Aristors Licensing LLC's ("Plaintiff" or "Aristors") Complaint for Patent Infringement ("Complaint"). Rave denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### THE PARTIES

1.     Rave is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.     Rave admits the allegations in Paragraph 2 of the Complaint.

### JURISDICTION

3.     Rave admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

---

[1] For avoidance of doubt, Rave denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

4.      Rave admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Rave does not contest that the Court has personal jurisdiction over it in this case. Rave admits that it conducts business in the State of Delaware. Rave denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

## VENUE

6.      Rave does not contest that venue is proper in this case, but denies that venue is convenient.

## PATENT-IN-SUIT

7.      Rave is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

## The '734 Patent

8.      Rave admits that a purported copy of U.S. Patent No. 8,013,734 (the "'734 Patent") is attached to the Complaint as Exhibit 1 and that the face of that patent indicates that it is entitled "Personal safety mobile notification system" and that it issued on September 6, 2011. Rave is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9.      Rave denies the allegations in Paragraph 9 of the Complaint.

## COUNT I: [ALLEGED] INFRINGEMENT OF THE '734 PATENT

10.      Rave incorporates by reference each of its responses set forth in Paragraphs 1–9 above as if fully set forth herein.

11.     Rave denies the allegations in Paragraph 11 of the Complaint.

12.     Rave denies the allegations in Paragraph 12 of the Complaint.

13.     Rave admits that the service of this Complaint constitutes notice under 35 U.S.C.

§ 287. Rave denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Rave denies the allegations in Paragraph 14 of the Complaint.

15.     Rave denies the allegations in Paragraph 15 of the Complaint.

16.     Rave denies the allegations in Paragraph 16 of the Complaint.

17.     Rave denies the allegations in Paragraph 17 of the Complaint.

18.     Rave denies it has committed or is committing acts of infringement within this

district or elsewhere and, on that basis, denies the allegations in the claim charts of Exhibit 2 of

the Complaint. Rave denies any remaining allegations in Paragraph 18 of the Complaint.

19.     Rave denies the allegations in Paragraph 19 of the Complaint.

## [PLAINTIFF'S] JURY DEMAND

20.     Rave is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Rave denies the Plaintiff is entitled to any relief from Rave and denies all the allegations

contained in Paragraphs A-D (including any subparts) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Rave's Affirmative Defenses are listed below. Rave reserves the right to amend its answer

to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Rave has not infringed and does not infringe, under any theory of infringement (including

directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)),

any valid, enforceable claim of the '734 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '734 Patent is invalid for failure to comply with one or more

of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C.

§§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '734 Patent failed to

properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or

otherwise give proper notice that Rave's actions allegedly infringe the '734 Patent, Rave is not

liable to Plaintiff for the acts alleged to have been performed before Rave received actual notice

that it was allegedly infringing the '734 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Rave indirectly infringes, either by contributory

infringement or inducement of infringement, Rave is not liable to Plaintiff for the acts alleged to

have been performed before Rave knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '734 Patent are not entitled to a scope sufficient to encompass any

system employed or process practiced by Rave.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether

by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be

granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the

Case 1:20-cv-00147-MN   Document 8   Filed 02/24/20   Page 5 of 10 PageID #: 104

'734 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Rave: "activat[es] an alert mode of a mobile device based on an emergency situation in an area"; "transmit[s], from the mobile device, an indication of the emergency situation to a communication network control system"; "confirm[s], by the communication network control system, the indication of the emergency situation to the mobile device"; "notif[ies], by the communication network control system, emergency personnel of the indication of the emergency situation"; "transmit[s], by the communication network control system, an indication of the emergency situation to one or more additional mobile devices in the area, wherein the one or more additional mobile devices are mobile devices within a predetermined physical range of the emergency situation indicated by the first mobile device"; and "transmit[s], by the communication network control system, an indication of the emergency situation to one or more local alarm devices in the area, the local alarm devices being in the vicinity of the emergency situation" as required by Claim 1 of the '734 Patent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '734 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

5

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## TWELFTH AFFIRMATIVE DEFENSE

Should Rave be found to infringe any valid, enforceable claim of the '734 Patent, such infringement was not willful.

## RAVE'S COUNTERCLAIMS

For its counterclaims against Plaintiff Aristors Licensing LLC ("Aristors"), Counterclaim Plaintiff Rave Mobile Safety Holdings, LLC ("Rave"), alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff Rave Mobile Safety Holdings, LLC is a entity organized and existing under the laws of Delaware that maintains its principal place of business at 492 Old Connecticut Path, Second Floor, Framingham, MA 01701..

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Aristors Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6205 Coit Rd, Ste 300-1020, Plano, TX 75093-4362.

## JURISDICTION

3.      Rave incorporates by reference Paragraphs 1–2 above.

6

4.        These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.        Aristors has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.        Based solely on Aristors's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '734 PATENT

7.        Rave incorporates by reference Paragraphs 1–6 above.

8.        Based on Aristors's filing of this action and at least Rave's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Rave infringes U.S. Patent No. 8,013,734 (the "'734 Patent").

9.        Rave does not infringe at least Claim 1 of the '734 Patent because, *inter alia*, the accused system does not perform the steps of "activating an alert mode of a mobile device based on an emergency situation in an area"; "transmitting, from the mobile device, an indication of the emergency situation to a communication network control system"; "confirming, by the communication network control system, the indication of the emergency situation to the mobile device"; "notifying, by the communication network control system, emergency personnel of the indication of the emergency situation"; "transmitting, by the communication network control system, an indication of the emergency situation to one or more additional mobile devices in the area, wherein the one or more additional mobile devices are mobile devices within a predetermined physical range of the emergency situation indicated by the first mobile device"; and "transmitting, by the communication network control system, an indication of the emergency

situation to one or more local alarm devices in the area, the local alarm devices being in the

vicinity of the emergency situation."

10.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

Rave requests a declaration by the Court that Rave has not infringed and does not infringe any

claim of the '734 Patent under any theory (including directly (whether individually or jointly) or

indirectly (whether contributorily or by inducement).

**COUNT II**
**DECLARATION REGARDING INVALIDITY**

11.      Rave incorporates by reference Paragraphs 1–10 above.

12.      Based on Aristors's filing of this action and at least Rave's Second Affirmative

Defense, an actual controversy has arisen and now exists between the parties as to the validity of

the claims of the '734 Patent.

13.      The asserted claims of the '734 Patent are anticipated and/or rendered obvious

by, *inter alia*, U.S. Patent No. 7,277,018 and Madahcom's WAVES system.

14.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

Rave requests a declaration by the Court that the claims of the '734 Patent are invalid for failure

to comply with one or more of the requirements of United States Code, Title 35, including

without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws

pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Rave asks this Court to enter judgment in Rave's favor and against

Aristors by granting the following relief:

a)      a declaration that the '734 Patent is invalid;

b)      a declaration that Rave does not infringe, under any theory, any valid  claim of

8

the '734 Patent that may be enforceable;

      c)      a declaration that Aristors take nothing by its Complaint;

      d)      judgment against Aristors and in favor of Rave;

      e)      dismissal of the Complaint with prejudice;

      f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an

award to Rave of its costs and attorneys' fees incurred in this action; and

      g)      further relief as the Court may deem just and proper.

## JURY DEMAND

Rave hereby demands trial by jury on all issues.

Dated:  February 24, 2020

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
    Jeremy D. Anderson (#4515)
    222 Delaware Ave., 17th Floor
    P.O. Box 1114
    Wilmington, DE 19801
    (302) 652-5070 (Telephone)
    (302) 652-0607 (Facsimile)
    janderson@fr.com

    Neil J. McNabnay
    Ricardo J. Bonilla
    Noel F. Chakkalakal
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)
    mcnabnay@fr.com
    rbonilla@fr.com
    chakkalakal@fr.com

    **ATTORNEYS FOR DEFENDANT**
    **RAVE MOBILE SAFETY HOLDINGS, LLC**